IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON C. WILLIAMS, )<br>No. B88932, )<br> )<br>        Plaintiff, )<br> )<br>   vs. )<br> )<br>THOMAS TRICE, and )<br>C/O COMPTON, )<br> )<br>        Defendants. ) | Case No. 14-cv-00298-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Byron C. Williams, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred at the St. Clair County Jail while Plaintiff was, presumably a pretrial detainee.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] The checkbox on the complaint form for a Federal Tort Claims Act ("FTCA") claim under 28 U.S.C. §§ 1346, 2671-2680 was also selected marked. Because the FTCA is applicable only if action by a federal agent is at issue, no FTCA claims have been recognized. Any such claims may be considered dismissed with prejudice.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in November 2012, Captain Thomas Trice verbally abused Plaintiff and slapped the back of Plaintiff's head without penological justification, causing Plaintiff to hit his head on a rail. Plaintiff was in excruciating pain, but he remained silent. Trice then used a K-9 dog to threaten and intimidate Plaintiff, to the point Plaintiff began to cry and he urinated on himself. Plaintiff later noticed that during the course of events his face was scratched. Plaintiff describes subsequently asking for, but not receiving, medical care, but he does not identify to whom the request was made.

The complaint describes a second incident that occurred in April 2013. Plaintiff refused to sign acknowledging receipt of a disciplinary violation report issued by C/O Compton. Compton then handcuffed Plaintiff, punched him in the kidneys, slammed him to the ground and kicked Plaintiff twice in the head. Compton then placed a door key between his fingers and started punching Plaintiff in the stomach and ribs. C/O Compton then grabbed Plaintiff by the collar and pulled him up so the men were face-to-face. Compton stated that the assault was to be

a lesson, and that Plaintiff was lucky that Compton had not taken him to the laundry room and beaten him bloody, "like the old days." Compton then kicked Plaintiff in the crotch, un-cuffed him, and left him lying on the cell floor.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: In November 2012, Captain Thomas Trice used excessive force against Plaintiff in violation of the Fourteenth Amendment; and**
>
> **Count 2: In April 2013, C/O Compton used excessive force against Plaintiff in violation of the Fourteenth Amendment.**

No claim has been recognized relative to the denial of medical care after Captain Trice assaulted Plaintiff because those allegations, read in context, are chronologically separate and not linked to Trice. Any such claim should be considered dismissed without prejudice, as it has not been adequately pleaded under the *Twombly* standard.

## Discussion

The constitutional standards applicable to Plaintiff's claims are determined based on whether he was an arrestee, detainee or convict. Based on the allegations in the complaint, it is assumed that Plaintiff Williams was a pretrial detainee at all relevant times. The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment. *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005). Therefore, Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Although the Fourteenth Amendment offers broader protection, Eighth Amendment case law can generally be used in

evaluating such Fourteenth Amendment claims; for all relevant purposes, the standards are interchangeable. *See Kingsley v. Hendrickson*, __F.3d__, 2014 WL 806956, *4 -*5 (7th Cir. March 3, 2014); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010).

A detainee is entitled to protection from physically abusive government conduct that amounts to punishment without due process of law. *Kingsley*, __F.3d__, 2014 WL 806956, *4 -*5 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16, 447 (1979)). The alleged assaults by Captain Trice and C/O Compton would fall within the scope of Fourteenth Amendment protection; therefore, Count 1 and 2 state colorable constitutional claims.

## **Severance**

Although Counts 1 and 2 both state colorable claims, those two counts cannot proceed in the same action.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Otherwise, prisoners easily could sidestep the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996), in particular the PLRA's provisions regarding filing fees. *See id.* Rule 18 provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). Accordingly, "multiple claims against a single party are

fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607.

Count 1 against Captain Trice has nothing to do with Count 2 against C/O Compton. Consistent with the *George* decision, Count 1 shall proceed in this case. The Court shall sever Count 2 and open a new case with a newly-assigned case number for that claim. Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on that claim or incur the <u>additional</u> filing fee.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 2** against Defendant **C/O COMPTON** is **SEVERED** into a new case, asserting the following claim:

> **In April 2013 C/O Compton used excessive force against Plaintiff in violation of the Fourteenth Amendment.**

The new case **SHALL BE RANDOMLY ASSIGNED** to a District Judge for further proceedings.

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order; and

(2) The Original Complaint (Doc. 1).

The Clerk of Court is **DIRECTED** to send Plaintiff another form motion for leave to proceed *in forma pauperis*.

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing within 30 days **(on or before April 25, 2014)**. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $400.00 filing fee** in the new case. Service shall not be ordered on Defendant C/O Compton until after the deadline for Plaintiff's response.

IT IS FURTHER ORDERED that the <u>**only claim remaining in this action is COUNT 1 against Defendant THOMAS TRICE**</u>.  **COUNT 1** shall **PROCEED** against **THOMAS TRICE**.  Plaintiff is **ADVISED** that the Court is still awaiting either payment of the $400.00 filing fee or a motion to proceed *in forma pauperis* relative to this case (*see* Doc. 3).  Failure to address the outstanding filing fee likely will result in the dismissal of this action.

The Clerk of Court shall prepare for Defendant **THOMAS TRICE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff.

If Defendant Trice fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Trice no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that an application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time an application is made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 26, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**
